# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Functional HIIT Fitness, LLC,

    Plaintiff,

v.

F45 Training Incorporated, Adam Gilchrist, Robert Deutsch, Marc Marano, Luke Armstrong, and Nick Abrahams,

    Defendants.

No. 5:22-cv-10168-JEL-KGA
Hon. Judith E. Levy
Mag. J. Kimberly G. Altman

**REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS COMPLAINT
BY INDIVIDUAL DEFENDANTS
<u>ADAM GILCHRIST AND LUKE ARMSTRONG</u>**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................1

    I.    Gilchrist and Armstrong Must Have Minimum Contacts with Michigan in Their Own Right, and Functional Has Not Established Those Contacts ...............................................................1

    II.    The MFIL Does Not Independently Establish Personal Jurisdiction ...........................................................................................4

    III.    Functional's Common Law Misrepresentation Allegations Against Gilchrist and Armstrong Are Insufficient To Survive Dismissal .................................................................................................5

    IV.    Functional Also Has Failed To Show Any Valid Statutory Claim ......................................................................................................6

CONCLUSION .....................................................................................................7

i

## TABLE OF AUTHORITIES

PAGE(S)

Cases

*Andersen v. Griswold Int'l*
   2015 WL 10739349 (N.D. Cal. March 25, 2015) .................................................. 5

*Balance Dynamics Corp. v. Schmitt Indus., Inc.*
   204 F.3d 683 (6th Cir. 2000) ............................................................................. 3, 4

*Beydoun v. Wataniya Restaurants Holding, Q.S.C.*
   768 F.3d 499 (6th Cir. 2014) .................................................................................. 2

*Burgo v. Lady of Am. Franchise Corp.*
   2006 WL 6642172 (C.D. Cal. May 4, 2006) ........................................................ 5

*Lofgren v. AirTrona Canada*
   677 F. App'x 1002 (6th Cir. 2017) ........................................................................ 6

*Morris v. Newberry Corr. Facility*
   2013 WL 1223646 (E.D. Mich. Feb. 11, 2013) ..................................................... 3

*Reynolds v. Int'l Amateur Athletic Fed'n*
   23 F.3d 1110 (6th Cir. 1994) ................................................................................. 5

*SFS Check, LLC v. First Bank of Delaware*
   990 F. Supp. 2d 762 (E.D. Mich. 2013) ...................................................... 2, 3, 5

*Weller v. Cromwell Oil Co.*
   504 F.2d 927 (6th Cir. 1974) ................................................................................. 3

Statutes

MCL § 445.1539 ......................................................................................................... 5

# INTRODUCTION

The brief filed by Functional fails to establish any basis for personal jurisdiction over Individual Defendants Adam Gilchrist or Luke Armstrong, neither of whom has had more than fleeting contact (if even that) with Michigan. Personal jurisdiction must be established separately *for each defendant* based upon contacts with the forum *by that individual* that are substantial enough to warrant jurisdiction. The allegations against Gilchrist with respect to specific Michigan contacts are virtually non-existent, and the allegations with respect to Armstrong amount to two emails, which do not suffice under the relevant cases. Because Functional cannot show that either had sufficient individual contacts with Michigan, it attempts to attribute all of F45's corporate activities and contacts to them. This attempt, however, is precluded by the applicable case law from this Court and the Sixth Circuit.

Functional's claims against Gilchrist and Armstrong also fail substantively. Despite alleging misrepresentation, Functional admits it never communicated with Gilchrist, and Armstrong's emails are not actionable. The statutory claims fail for reasons established by F45, including the Delaware choice of law provision in the Franchise Agreement and the competition requirement in the Delaware UDTPA.

# ARGUMENT

**I.   Gilchrist and Armstrong Must Have Minimum Contacts with Michigan in Their Own Right, and Functional Has Not Established Those Contacts.**

Functional bears the burden of establishing that *each defendant* has personally

1

availed himself of acting in Michigan, that its cause of action arises from *each defendant's* Michigan related conduct, and that *each defendant's* conduct establishes a substantial enough connection to make exercise of jurisdiction reasonable. *Beydoun v. Wataniya Restaurants Holding*, Q.S.C., 768 F.3d 499, 505 (6th Cir. 2014).

Functional has identified no conduct by Gilchrist or Armstrong that was targeted at Michigan, nor any other substantial contacts with this state that would suffice to establish minimum contacts necessary under Due Process Clause. Rather than identify any Michigan-related conduct, Functional principally alleges that vaguely pled roles in creating an FDD—a national disclosure document that is not specific to Michigan—should be enough to hale them into Michigan in their personal capacity. Functional offers no authority that would support this argument.

Functional admits that it "never had any direct dealings with Defendant Gilchrist," (PageID.1149) but claims that the court can find that Gilchrist was doing business through his "agent." (*Id.*) This seeks to treat Gilchrist as an embodiment of F45 itself, turning agency law on its head. Merely exerting control over a company that does business in Michigan does not establish personal jurisdiction over that individual. *SFS Check, LLC v. First Bank of Delaware,* 990 F. Supp. 2d 762, 771 (E.D. Mich. 2013), *aff'd*, 774 F.3d 351 (6th Cir. 2014).

The only additional allegation that Functional offers against Armstrong is that his response to an email inquiry from Functional purportedly contained

2

misrepresentations. But Functional offers no authority to support a claim that this email response constitutes purposeful availment for Armstrong in his individual capacity. Functional fails to respond to, let alone rebut, *SFS Check*, where similarly limited contacts were deemed insufficient to establish personal jurisdiction over officers of a company. *SFS Check,* 990 F. Supp. 2d at 772-73.

Because it cannot show any meaningful personal contacts, Functional's argument is premised on Gilchrist's and Armstrong's relationship to F45. This argument is precluded by *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). Despite Functional's baseless attacks,[1] *Weller* does apply to this case, and has repeatedly been cited by this Court for this proposition. *SFS Check,* 990 F. Supp. 2d at 772; *Morris v. Newberry Corr. Facility*, 2013 WL 1223646 at *2 (E.D. Mich. Feb. 11, 2013). As the Sixth Circuit has explained, one form of the fiduciary shield doctrine—which Functional argues has been rejected in Michigan—arises when an officer of a corporation argues that in-forum conduct should be excused because it was undertaken only in an official capacity. *Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 697 (6th Cir. 2000) (applying Michigan law). "However, in *Weller v. Cromwell Oil Co.* the doctrine is stated more mildly: jurisdiction over a corporate officer cannot be predicated merely upon jurisdiction over the

---

[1] In every brief, Functional accuses Defendants' counsel of "purposely made frivolous arguments" and the like. (PageID.1082, 1093, 1155.) These attacks are not warranted or appropriate under this Court's Civility Principles, and hopefully will stop.

3

corporation." *Id.* Jurisdiction over an officer of a corporation is only appropriate where she has been "actively and personally involved in the conduct giving rise to the claim" and "she purposely availed herself of the forum and the reasonably foreseeable consequences of that availment." *Id.*

Functional has failed to show that Gilchrist and Armstrong were "actively and personally" involved with the conduct giving rise to its claim or that either purposefully availed himself of this forum. Functional has not even shown that either of them was "transacting business in Michigan" for purposes of statutory jurisdiction. (PageID.1149.) Instead, Functional that they somehow "assisted" in the "development, construction, and/or issuance" FDD. (*See* PageID.1145, 1149). This allegation is not only completely amorphous, but also concerns a national disclosure document created at F45's principal place of business *outside of Michigan*. The only connection that Functional attempts to draw between this conduct and Michigan is that somebody later provided a copy to Functional. That is far too thin a reed upon which to predicate the assertion of jurisdiction over Gilchrist or Armstrong.[2]

## II.     The MFIL Does Not Independently Establish Personal Jurisdiction.

Functional argues that it does not need to identify conduct by Gilchrist or

---

[2] Functional devotes nearly a page in its brief to an SEC filing showing that Gilchrist owns a Delaware LLC that operates F45 studios. (*See* PageID.1143.) These studios have no tie to Michigan. Having plainly left no stone unturned, Functional simply has nothing to tie Gilchrist (or Armstrong) to Michigan.

4

Armstrong targeting Michigan because MCL § 445.1539—a service of process provision—purportedly confers jurisdiction over individual officers. (PageID.1151.) But this confuses service of process for personal jurisdiction. Nothing in MCL § 445.1539 purports to extend *in personam* jurisdiction over a non-resident party not otherwise subject to the power of Michigan courts. Examining an equivalent provision in the CFIL, *Burgo v. Lady of Am. Franchise Corp.*, 2006 WL 6642172, at *6 (C.D. Cal. May 4, 2006) observed that a service of process statute does not create an independent basis for personal jurisdiction.[3] The same is true for MCL § 445.1539. More fundamentally, even if the MFIL purported to extend personal jurisdiction over all officers of foreign franchisors regardless of their individual contacts—something the text of the statute does not do—it would fail to comport with the minimum contacts test under due process. *See SFS Check,* 774 F.3d 351, 356 (6th Cir. 2014). Both statutory and constitutional requirements must be satisfied to support jurisdiction. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994).

### III. Functional's Common Law Misrepresentation Allegations Against Gilchrist and Armstrong Are Insufficient To Survive Dismissal.

Essentially relying on its response to F45's motion to dismiss, Functional largely ignores the Complaint's failure to identify any representation of existing fact

---

[3] Functional attempts to distinguish *Burgo* by citing *Andersen v. Griswold Int'l*, 2015 WL 10739349 (N.D. Cal. March 25, 2015), a case that found jurisdiction over a non-resident officer who violated the CFIL. But *Andersen* does not address the service of process issue, much less conclude it forms an independent basis for jurisdiction.

that could form the basis of a fraud claims asserted personally against Gilchrist or Armstrong. (PageID.1161-62.) Functional identifies no representation by (or even direct communication with) Gilchrist. The allegation that his name is on an FDD as CEO does not state a claim for fraud against him, particularly under the heightened pleading requirement of Rule 9(b) that are intended to prevent such baseless claims.

While Functional alleges that it received two form emails from Armstrong, it does not identify specific information in his email that could constitute a misrepresentation of existing fact, other than to argue that he referred to a spreadsheet as a "useful resource" and a "cash flow tool." (PageID.1162.) As explained in F45's Reply Brief, such vague statements cannot form the basis of a fraud claim, particularly where reliance has been specifically disclaimed. (PageID.1515-16.)

### IV. Functional Also Has Failed Yo Show Any Valid Statutory Claim.

F45 has explained why the choice of law provision in the Franchise Agreement precludes Functional from alleging that any defendant, including Gilchrist and Armstrong, is liable under either the MFIL or the CFIL. Because Functional references and relies on its argument in the response to F45, Gilchrist and Armstrong will similarly incorporate the arguments in F45's opening and reply briefs. (*See* Page.ID.917-22, PageID.1516-21.) Functional's reference to *Lofgren v. AirTrona Canada*, 677 F. App'x 1002, 1008 (6th Cir. 2017), a case that does not address either the personal jurisdiction defects or the choice of law hurdle that Functional faces in

6

this case, does not advance its claims over Gilchrist and Armstrong.

In passing, Functional claims that it has alleged a valid Delaware UDTPA claim against Gilchrist and Armstrong because it is purportedly in a "horizontal" relationship with F45. (PageID.1163.) As explained by F45, however, F45 and Functional are not competitors and the statutory requirements therefore are not satisfied. (*See* PageID.1520). Functional cannot allege any "horizontal" (*i.e.,* competitive) relationship between itself and individual officers of F45. Gilchrist and Armstrong have never set foot in Michigan and unquestionably are not competing here.

## CONCLUSION

For the foregoing reasons, the claims against Gilchrist and Armstrong in Counts III - X of the Complaint should be dismissed with prejudice.

Dated: June 6, 2022                    LATHROP GPM LLP

By:/s/ Michael L. Sturm
    Michael L. Sturm (admitted in E.D. Mich.)
    600 New Hampshire Ave., NW, Suite 700
    Washington, DC 20037
    202.295.2241
    michael.sturm@lathropgpm.com

    Michelle C. Harrell (P48768)
    MADDIN, HAUSER, ROTH & HELLER, P.C.
    28400 Northwestern Highway, Suite 200
    Southfield, MI 48034
    248.354.4030
    mharrell@maddinhauser.com

    *Attorneys for Defendants Adam Gilchrist and Luke Armstrong*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 6, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Michael L. Sturm